**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WALLACE BROTTEM, et al.,**

-vs-                                                                Case No.  6:06-cv-306-Orl-31KRS

**CRESCENT RESOURCES LLC and**
**RINEHART DEVELOPMENT &**
**INVESTMENT GROUP, LLC,**

          **Defendants.**
_____

## ORDER

This case involves a personal injury action related to discharges of hazardous waste.  The Plaintiffs originally filed suit in the Circuit Court of the Eighteenth Judicial Circuit in Seminole County, Florida, (*see* Doc. 2), and Crescent Resources LLC ("Crescent") removed the case to this Court.  (Doc. 3).  This matter is presently before the Court on the Plaintiffs' Motion to Remand (Doc. 26) and Rinehart Development & Investment Group, LLC's ("Rinehart") Opposition thereto (Doc. 29).  The Court will consolidate its consideration of that Motion with its consideration of Rinehart's Motion to Dismiss or for Summary Judgment (Doc. 17), the Plaintiffs' Memorandum in Opposition thereto (Doc. 30), and Rinehart's Reply brief (Doc. 39), inasmuch as both sets of Motions address the same issues, so that the Court may resolve all pertinent issues in as complete, thorough and expeditious a manner as possible.

**I.      Background**

A. Facts

The Plaintiffs are individuals who worked in a manufacturing facility, owned by Siemens Communications, Inc., located on an allegedly contaminated site (the "Site").[1] The Plaintiffs were all employed either by Siemens and/or the predecessor operators of the facility.  They have filed claims for personal injuries and wrongful deaths which they allege were directly and proximately caused by exposure to a variety of pollutants, hazardous substances and toxic chemicals that were dumped, spilled and/or discharged on and around the Site.[2]   None of the Plaintiffs were employed at the facility after December 10, 2003.

Crescent[3] and Rinehart[4] purchased portions of the Site in 2005.[5]  Rinehart did not exist as a legal entity prior to its purchase of the property and, indeed, was created for the purpose of purchasing the property.  Prior to purchasing the property, Rinehart had neither an ownership nor an operational association with that property, did not conduct business on the property, had no contractual relationships with the previous owners of the property, and did not employ any of the Plaintiffs.

---

[1] Several of the Plaintiffs are personal representatives of deceased workers.  Nevertheless, the Court will refer to the Plaintiffs collectively, inasmuch as their individual postures are not dispositive in this matter.

[2] The Plaintiffs allege that the discharges violated Chapter 376 of the Florida Statutes, the Pollution Discharge and Prevention Control Act (the "Act").

[3] Crescent is a North Carolina limited liability company that conducts business in Florida.

[4] Rinehart is a Florida limited liability company conducting business in Florida.

[5] Rinehart acquired a portion of the Site on July 1, 2005.  Crescent acquired the remainder of the Site on July 8, 2005 (*note* - although Crescent's Notice of Removal actually states "July 8, 2000," the Court presumes, given its arguments, that it intended to state, "July 8, 2005").

B. Procedural History

The Plaintiffs filed their original Complaint on August 16, 2005, and their Amended Complaint (Doc. 2) on February 8, 2006, in Florida state court. They allege that at the time the Defendants purchased that property, they had either actual or constructive knowledge that the property was contaminated from a discharge or other pollutant covered by Florida Statutes sections 376.30-376.319. Therefore, the Plaintiffs have brought strict liability claims against the Defendants under Florida Statute section 376.313, alleging that: (1) the toxic chemicals and pollutants present on the property now owned by the Defendants are hazardous substances within the meaning of Chapter 376 of the Florida Statutes; (2) as a result of the contamination of the Site, the Plaintiffs suffered injuries; (3) the Defendants currently own contaminated property that originally was part of the Site; and (4) because the Defendants own portions of the Site, they are strictly liable for the Plaintiffs' injuries.

Crescent removed the case to this Court, contending that Rinehart had been fraudulently joined in order to destroy diversity of citizenship because, *inter alia*, the Plaintiffs cannot prove a causal connection between their exposure to hazardous substances and Rinehart's ownership of the property and thus there is no possibility that the Plaintiffs can prove a cause of action against Rinehart. Rinehart has moved for remand and to dismiss the claims (or, in the alternative, for summary judgment), arguing that: (1) it should prevail on the statutory third party defense; (2) the Plaintiffs cannot prove that their damages were proximately related to Rinehart's ownership of the property; (3) it is undisputed that Rinehart did not cause the pollution in question; and (4) the statute in question does not permit private suits for personal injury damages. The Plaintiffs have opposed these motions, arguing that: (1) the Plaintiffs do not need to prove that either Defendant

caused the contamination; (2) Rinehart is not entitled to assert the third party defense because it cannot prove that it was without knowledge of the pollution when it purchased the property; and (3) the statutory scheme does permit private actions for damages.

**II.     Legal Analysis**

A. Applicable Principles

When alleging fraudulent joinder, "the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).[6] The burden on the removing party is a heavy one. *Id*. To determine whether the case should be remanded, the Court evaluates the factual allegations in the light most favorable to the plaintiff, and resolves any uncertainties about state substantive law in the plaintiff's favor. *Id*.; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). These determinations are made based on the plaintiff's pleadings at the time of removal. *Crowe*, 113 F.3d at 1538; *Cabalceta*, 883 F.2d at 1561. In addition to the plaintiff's pleadings, the Court may consider evidence such as affidavits and depositions submitted by the parties. *Crowe*, 113 F.3d at 1538; *Cabalceta*, 883 F.2d at 1561.

The Court will not weigh the merits of the Plaintiff's claim, other than to determine whether the Plaintiff has an arguable claim under state law. *Crowe*, 113 F.3d at 1538. "If there is

---

[6] Rinehart asserts that the Plaintiffs cannot establish a cause of action against it, and does not raise the issue of fraudulently pled jurisdictional facts. Therefore, the second category of fraudulent joinder as outlined in *Crowe* is not at issue here.

even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (internal citation and quotation omitted); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.") (emphasis in original).

B. Does Florida Statute Section 376.313 Permit a Private Cause of Action?

Rinehart asserts that "a private cause of action purely for plaintiffs' personal injury claims are (sic) not permitted by the statute," and that the Plaintiffs cannot, therefore, state a cause of action against Rinehart. (Doc. 29 at 10). The language of Florida Statute section 376.313 ("Section 376.313") specifically provides that, except for certain exceptions not relevant here, "nothing contained in ss. 376.30-376.319 prohibits any person from bringing a cause of action in a court of competent jurisdiction for *all damages* resulting from a discharge or other condition of pollution covered by ss. 376.30-376.319." F.S. § 376.313(3) (emphasis supplied). On its face, this language appears to include the possibility of a suit to recover personal injury damages. Case law addressing this subject, however, is less than unanimous in its interpretation of the statute.

One district court of appeal in Florida has specifically held that Section 376.313(3) "does not create a private cause of action." *Morgan v. W.R. Grace & Co.-Conn.*, 779 So. 2d 503, 507 (Fla. 2nd DCA 2000); *see also Mostoufi v. Presto Food Stores, Inc.*, 618 So. 2d 1372, 1377 (Fla. 2nd DCA 1993) ("To interpret section 376.313(3) to provide for a private right of action for damages from pollutant discharge unconnected with the cleanup or removal of the discharge

-5-

would impact negatively on the stated purpose of the act. We conclude that the legislature intended to provide for no such private action for damages.").[7]

At least one federal court has determined that although Chapter 376 does create an individual cause of action for damages, those "damages must be connected with the clean up or removal of the prohibited discharge." *Italiano v. Jones Chemicals, Inc.*, 908 F. Supp. 904, 906 (M.D. Fla. 1995).[8] However, that court subsequently revisited the issue in a case in which the plaintiff sought damages for contamination that reduced the value of the plaintiff's property and rendered it non-saleable, and the defendant argued that the plaintiff failed to state a cause of action under Chapter 376. *Italiano v. Jones Chemicals, Inc.*, 1997 WL 118426, *2 (M.D. Fla. Feb. 21, 1997). The court determined that its prior interpretation of Section 376.313 "may [have been] too

---

[7] The Florida Supreme Court disapproved of *Mostoufi* in *Aramark Uniform & Career Apparel, Inc. v. Easton*, 894 So. 2d 20, 21 (Fla. 2004) to the extent that those opinions conflicted. *Mostoufi*'s conclusion that Section 376.313 does not create a private cause of action appears based on the reasoning that the statute does not create a new cause of action, and, more specifically, does not create a new cause of action for private parties to seek monetary damages resulting from a petroleum discharge without alleging damages other than the loss of property value. *Mostoufi*, 618 So. 2d at 1377. *Aramark*, however, determined that the statute "creates a new cause of action and does not merely modify existing ones." *Aramark*, 894 So. 2d at 23. It therefore appears that the line of Florida cases finding that Section 376.313 does not create a right of action is based on reasoning rejected by the Florida Supreme Court.

[8] "To interpret section 376.313(3) to provide for a private right of action for damages from pollutant discharge unconnected with the clean up or removal of the discharge would impact negatively on the stated purposes of the act. Therefore, absent a stated nexus or connection with the clean up or removal of an alleged discharge, no private claim for damages exists under Chapter 376 . . . ." *Italiano*, 908 F. Supp. at 906 (internal citation and quotation omitted). *See also Dostie Dev., Inc. v. Arctic Peace Shipping, Co., Ltd. Inc.*, 1996 WL 866119, *2 (M.D. Fla. Aug. 14, 1996) ("Under Florida law, where a plaintiff makes an allegation that he has suffered damages stemming from his necessitated clean-up or removal of a prohibited pollutant discharge into state waters, that plaintiff has a private cause of action for money damages pursuant to the [Act].").

restrictive," and resolved its doubts in favor the plaintiff, denying the defendant's motion to dismiss. *Id*.

Finally, other Florida courts have recognized that a private plaintiff may state a cause of action for damages under Section 376.313. *See Easton v. Aramark Uniform & Career*, 825 So. 2d 996, 997-98 (Fla. 1st DCA 2002) (plaintiff who sought damages arising from prior and ongoing migration of contaminated groundwater from adjacent commercial property stated cause of action under Section 376.313(3); finding *Mostoufi* inapplicable because *Mostoufi* dealt with successor landowners, not adjacent landowners) (*aff'd*, 894 So. 2d 20); *Kaplan v. Peterson*, 674 So. 2d 201, 204 (Fla. 5th DCA 1996) (where successor plaintiff brought suit for costs of cleaning up property, finding that Section 376.313 permits private causes of action brought "for all damages resulting from pollution covered by the Chapter;" also noting that "neighbors and employees are afforded a remedy against a polluter"). More specifically, one Florida court has permitted an action under Section 376.313 brought by private plaintiffs who had been employees of the defendant and who alleged that they had suffered personal injuries as a result of the defendant's discharges of pollutants during their employment with the defendant. *Cunningham v. Anchor Hocking Corp.*, 558 So. 2d 93, 99 (Fla. 1st DCA 1990).

Although none of these cases specifically address the issue here -- that of the employees of previous owners/users of a contaminated site suing a new, purportedly "innocent" owner of a site -- they do present the distinct possibility that a Florida court could find that a private cause of action exists under Florida law for the personal injury damages suffered by the Plaintiffs.

### C. The Plaintiffs Do Not Need To Demonstrate That Rinehart was the Proximate Cause of Their Injuries

Rinehart also argues that the Plaintiffs cannot show that their damages were proximately related to Rinehart's ownership of the property or, more specifically, that Rinehart was the proximate cause of their damages. Rinehart's position in this regard is not persuasive.[9] Section 376.313(3) provides, in relevant part, that subject to certain exceptions not relevant here, "it is not necessary for such person to plead or prove negligence in any form or manner. Such person need only plead and prove the fact of the prohibited discharge or other pollutive condition and that it has occurred." F.S. § 376.313(3). Interpreting this language, the Florida Supreme Court compared common law causes of action to this statutory cause of action and found that

> section 376.313(3) departs from the common law by creating a damages remedy for the non-negligent discharge of pollution without proof that the defendant caused it. The only proof required is the fact of the prohibited discharge or other pollutive condition and that it has occurred. The absence of a causation requirement in the statute cannot be viewed as a legislative oversight. In other statutes within the same scheme (sections 376.30-376.319), where the Legislature wanted to hold a party responsible only if it actually caused the contamination, it so provided. Therefore, we must assume that the omission of a causation requirement in section 376.313(3) was deliberate.

*Aramark*, 894 So. 2d at 24 (internal citations and quotations omitted). Other courts have also found that Section 376.313 does not require proof that the defendant caused the pollution in question. *See Ward v. Lockheed Martin Corp.*, 2006 WL 889729, *2 (M.D. Fla. Mar. 31, 2006); *Italiano*, 908 F. Supp. at 906; *The St. Joe Co. v. Leslie*, 912 So. 2d 21, 25 (Fla. 1st DCA 2005).

---

[9] Rinehart's argument in this regard is actually a non-sequitur. First, Rinehart asserts that the Plaintiffs must show that a defective condition exists that proximately caused their damages, and then argues that the Plaintiffs' claims must fail because they cannot allege that their damages were caused by Rinehart. (*See* Doc. 29 at 18). These are two entirely different issues, yet Rinehart seems to approach them as if they are one and the same.

The *Aramark* court also analyzed the statutory affirmative defenses available to defendants under Section 376.308, and found that the

> Legislature's creation of the innocent purchaser and third party defenses demonstrates that it intended to place the burden on the owners of polluting property to prove that they did not cause the pollution, rather than require innocent victims of pollution to prove that they did. Such defenses would be superfluous if a plaintiff had to prove, as part of the cause of action, that the defendant caused the contamination.

*Aramark*, 894 So. 2d at 25. Clearly, then, the burden is not on plaintiffs in actions brought under Section 376.313 to prove that the defendant(s) caused the offending pollution. Instead, plaintiffs must only demonstrate the existence of a pollutive condition and that their damages were caused by the pollution in question.

The Plaintiffs concede that they must prove damage causation, i.e., that the pollution in question caused their damages. Indeed, they have specifically alleged that they sustained severe injuries and illnesses as a direct and proximate result of their exposure to hazardous substances, pollutants and toxic chemicals at the Site. (Doc. 2 at 6-7). The burden therefore shifts to Rinehart to prove that it did not cause the pollution that allegedly caused the Plaintiffs' injuries.

D. Statutory Affirmative Defenses

Rinehart's last argument for fraudulent joinder is that it has asserted a statutory affirmative defense that conclusively precludes its liability. Rinehart specifically points to Florida Statute section 376.308(2)(d),[10] which provides, in relevant part:

> In addition to the defenses described in paragraph (1)(c), the only other defenses of a person specified in subsection (1) are to plead and prove that the occurrence was solely the result of any of the following or any combination of the following:

---

[10] Rinehart may pursue this statutory affirmative defense pursuant to Section 376.313(3), which provides that the only defenses to a cause of action under that section are those specified in Section 376.308.

-9-

> . . .
> (d) An act or omission of a third party, other than an employee or agent of the defendant or other than one whose act or omission occurs in connection with a contractual relationship existing, directly or indirectly, with the defendant . . . and the defendant establishes by a preponderance of the evidence that:
> > 1. The defendant exercised due care with respect to the pollutant concerned, taking into consideration the characteristics of such pollutant, in light of all relevant facts and circumstances.
> > 2. The defendant took precautions against any foreseeable acts or omissions of any such third party and against the consequences that could foreseeably result from such acts or omissions.

F.S. § 376.308(2)(d).[11]  This is commonly referred to as the third party defense.

Section 376.308(2) directs the reader to refer to subsection (1) to determine the list of persons who may assert the third party defense.  Those persons include, *inter alia*: (1) any person who caused the discharge or pollution or who owned or operated the facility at the time when the discharge occurred, F.S. § 376.308(1)(a); and (2) in a case involving the discharge of hazardous substances, all people specified in Florida Statute section 403.727(4).  F.S. § 376.308(1)(b).[12]  Since Rinehart did not cause the discharges in question or own the Site when the discharges occurred, the Court must turn to Florida Statute section 403.727(4).  Section 403.727(4) indicates

---

[11] The Plaintiffs' argument in regard to statutory affirmative defenses is not on point.  The Plaintiffs strenuously assert that the language of *Aramark* and Section 376.308 require the Defendants to prove both that they were not the cause of the contamination and that they did not know about the pollution when they purchased the property.  A review of *Aramark* clearly reveals that the court's discussion in that regard specifically addressed the statutory affirmative defense provided for in Section 376.308(1)(c), which is not the section upon which Rinehart relies here.  The irony of the Plaintiffs' argument in this regard is readily apparent, given that the Plaintiffs repeatedly criticize the Defendants for misreading and misconstruing that same *Aramark* decision.  In any event, it is entirely unclear why the Plaintiffs would rely on the affirmative defense found in subsection (1)(c), which, on its face, only applies in cases "instituted by the department," and in cases involving discharges of petroleum, petroleum products or drycleaning solvents.  F.S. §§ 376.308(1), (1)(c).

[12] Section 376.308(1)(c) also provides a list of persons who may assert statutory affirmative defenses, but that subsection is limited to cases involving discharges of petroleum, petroleum products, or dry cleaning solvents, which, based on the allegations in the Plaintiffs' Complaint, do not appear to be involved in this case.

that, *inter alia*, "the owner and operator of a facility" may be liable for various costs and damages resulting from the release of hazardous substances. Presumably, this would include an "innocent" owner such as Rinehart.[13]

Thus, the Court arrives at the issue of whether Rinehart's assertion of the statutory affirmative defense under Section 376.308(2) makes it impossible for the Plaintiffs to prevail in this case. That section requires that a defendant asserting the defense prove two things by a preponderance of the evidence: (1) that the defendant exercised due care with respect to the pollutant in question; and (2) that the defendant took precautions against foreseeable acts or omissions of the third party responsible for the discharge. F.S. § 376.308(2)(d). Rinehart of course can prove neither element because it had nothing to do with the pollution at the time of its occurrence. Instead, Rinehart argues that "[t]hese requirements are not applicable in a case like this in which Rinehart had no association with the property until after the alleged contamination occurred." (Doc. 39 at 3 n.2).

We are thus faced with the incongruous situation where the statute literally precludes an innocent purchaser from asserting the third party defense, while allowing the former owner (who owned and/or operated the property at the time the pollution occurred) to lay off liability against a

---

[13] The Court has not found case law interpreting the language of Section 403.727(4) and its interaction with sections 376.313 and 376.308, nor have the parties briefed this issue. The Court notes that in *Aramark*, the Florida Supreme Court rejected the appellant owner's argument that Chapter 376 could only be enforced against an owner who either caused a discharge or owned or operated a facility at the time of a discharge, finding instead that Section 403.727(4) permits the owner and operator of a facility to be found liable for damages arising from the discharge of a hazardous substance and that, as owner of the facility, the appellant could be subject to liability without proof of causation. *Aramark*, 894 So.2d at 27. It thus appears that the "owner and operator of a facility" language of Section 403.727(4) includes entities such as Rinehart who purportedly holds "innocent purchaser" status.

third party.[14]  In other words, the owner who had some control over the situation can escape liability by blaming the actual polluter, while the innocent purchaser is held strictly liable.  The Florida Legislature could not possibly have intended such a result.  The only reasonable construction of the statute is to conclude that an innocent successor owner/purchaser is entitled to the same defenses as the former owner/polluter.  Therefore the Court concludes that an innocent purchaser/owner such as Rinehart must be able to assert the third party defense.[15]

      E. Rinehart Should be Dismissed

The Plaintiffs do not, and seemingly cannot, allege that Rinehart caused the pollution or even that the pollution occurred during Rinehart's ownership of the property.  Instead, the Plaintiffs rest their case linking Rinehart to the pollution on the assertion that Rinehart was aware of the pre-existing pollution at the time it purchased the property and therefore is strictly liable.  (Doc. 2 at 8; Doc. 30 at 5, 8 n.1, 10-12).  In doing so, the Plaintiffs attempt to rebut an element of the innocent purchaser defense under Section 376.308(1)(c) which is not available to Rinehart.  Thus, the Plaintiffs' argument in that regard has no merit.  As to the third party defense, knowledge is not an element.  Rather, the issue is simply whether the pollution was caused by a third party.

---

[14] On its face, the statutory scheme eliminates Rinehart because Rinehart cannot prove the enumerated elements required by the third party defense (due care and precautions).

[15] In this light, Rinehart's argument about ignoring the requirements of subsection (2)(d) makes sense, because someone in Rinehart's position cannot possibly prove those elements.  Normally, courts follow the plain meaning of statutory language, but when that plain meaning leads to absurd or futile results, courts may look instead to the purpose of the statute.  *U.S. v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940).  In this case, ignoring the two listed elements of subsection (2)(d) in a case involving someone in Rinehart's position is the only reasonable interpretation of the statute.

Based on Rinehart's evidence (and the Plaintiffs' allegations), it is clear that the Plaintiffs were exposed to pollution during their employment at the Site and they were employed at the Site before Rinehart's ownership thereof.  Logic therefore dictates that the pollution happened prior to Rinehart's ownership of the property and that a third party, someone other than Rinehart, caused the pollution.  Therefore, it is apparent that there is no possibility that the Plaintiffs can state a valid claim against Rinehart, and thus Rinehart was fraudulently joined.

Because Rinehart was fraudulently joined, it should be dismissed as a defendant. *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (it is appropriate for a federal court to dismiss a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant); *Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286, 1292 (M.D. Fla. 2003).[16]

## III.    Conclusion

For the reasons stated herein, it is

**ORDERED THAT** the Plaintiffs' Motion to Remand (Doc. 26) is DENIED.  It is further **ORDERED THAT** Rinehart's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 17) is GRANTED.  Rinehart is dismissed from this case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 24, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[16] In the alternative, based on the same reasoning that led the Court to determine that Rinehart was fraudulently joined, the Court concludes that Rinehart's Motion to Dismiss or in the Alternative for Summary Judgment should be granted.